IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>CHARLES EASON,<br><br>    Defendant.<br>                                        / | No. C 02-00134 CRB<br><br>**ORDER** |

     Now pending before the Court is a motion filed by Defendant Charles Eason, who requests resentencing based on this Court's allegedly erroneous application of a two-level enhancement to his sentencing range under U.S.S.G. § 2K2.1(b)(4). Eason observes that an enhancement such as this one is inapplicable if already imposed "in conjunction with a sentence for an underlying offense." He argues that this sentencing enhancement was inapplicable to him and, pursuant to 18 U.S.C. § 3582(c)(2), he asks the Court for a revised sentence that excludes the two-level enhancement. For two reasons, Eason's motion fails.

     First, 18 U.S.C. § 3582(C)(2) does not provide a proper basis for Eason's motion. That statute permits a court to adjust a defendant's sentence when it is "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." The guidelines applicable to Eason's sentence have not been lowered subsequent to his sentencing. Rather, both the guideline and the two-level enhancement he challenges were in

1  effect at the time of his sentencing. The challenged "Amendment 599" was passed on
2  November 1, 2000, and Eason was not sentenced until two years later on December 18, 2002.
3  Thus, Eason has not been sentenced based on a sentencing range that subsequently has been
4  lowered by the Sentencing Commission, and 18 U.S.C. § 3582(C)(2) therefore provides no
5  support for his motion.

6  Second, even on the merits, Eason's motion cannot succeed. Eason pled guilty to
7  being a felon in possession of a firearm, see 18 U.S.C. § 922(g), and he received a two-level
8  enhancement to his sentencing range because the gun had been stolen, see U.S.S.G. §
9  2K2.1(b)(4). Eason does not contest that the gun was stolen; rather, he argues that the
10 enhancement is improper under Amendment 599, which provides that an enhancement
11 cannot be imposed again where it has already been "imposed in conjunction with a sentence
12 for an underlying offense." U.S.S.G. App. C, vol. II, Amend. 599 (2000). The Amendmnet
13 thus prevents courts from imposing punishment twice for the same conduct, once for the
14 underlying offense and again for additional offenses. Here, however, there was only one
15 offense: the illegal possession of a firearm. And the enhancement was imposed only once:
16 because Eason illegally possessed a firearm that was stolen. Where, as here, a two-level is
17 applied only once due to the fact that the gun was stolen, Amendment 599 is inoperative.

18 For these reasons, Eason's motion to modify his sentence is DENIED. To the extent
19 that Eason challenges the constitutionality of applying the two-level enhancement in this
20 case, he must file a petition for writ of habeas corpus, rather than a motion to modify his
21 sentence. See United States v. Barragan-Mendoza, 174 F.3d 1024, 1030 (9th Cir.1999)
22 (holding that a district court lacks jurisdiction to modify a sentence, even one based on an
23 incorrect view of the law, unless it acts within seven days of sentencing to modify it).

24 **IT IS SO ORDERED.**

27 Dated: April 23, 2007         CHARLES R. BREYER
                                 UNITED STATES DISTRICT JUDGE

G:\CRBALL\2002\0134\order1.wpd         2